UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Scott M. Wilhelm, Esquire
**WINEGAR, WILHELM, GLYNN & ROEMERSMA, P.C.**
305 Roseberry Street
P.O. Box 800
Phillipsburg, NJ 08865
wilhelms@wwgrlaw.com
Phone: (908) 454-3200
Fax: (908) 454-3322
Attorneys for Debtor

In Re:

DANIA GUZMAN,

               Debtor.

Case No.: 15-30130

Chapter: 7

Hearing Date: 08/13/2018

Judge: MBK

## CERTIFICATION OF SCOTT M. WILHELM, ESQUIRE

1. I, Scott M. Wilhelm, Esquire, am an Attorney-at-Law of the State of New Jersey admitted to the practice of law before the United States Bankruptcy Court for the Debtor of New Jersey. I make this Certification in support of the Debtor, Dania Guzman's, Motion to for Reconsideration of this Court's July 2, 2018 Order denying Debtor's Motion to Re-Open the Case.

2. On October 27, 2015, Debtor filed the Instant voluntary Chapter 7 Petition along with the required schedules and documents. See ECF doc. #1.

3. One of the creditors listed on the schedule D is Wells Fargo Home Mortgage which holds a mortgage on Debtor's principal residence at 202 Beers Street, Phillipsburg, New Jersey. Id.

4. Debtor also filled a Statement of Intention, wherein she stated her intention to reaffirm the mortgage debt to Wells Fargo Home Mortgage. Id.

5. On behalf of Debtor, I solicited a Reaffirmation Argument from Wells Fargo Home Mortgage.

6. On November 17, 2015, I sent the proposed Reaffirmation Agreement from Wells Fargo Home Mortgage to Debtor. See Exhibit "A" attached hereto.

7. On or about November 23, 2015, Debtor signed the proposed Reaffirmation Agreement. See Exhibit "B" attached hereto.

8. On January 29, 2016, Debtor received a discharge of her debts and the case was closed. See ECF docs. # 10 & 11.

9. Recently, it was brought to my attention that the Reaffirmation Agreement was never sent to Wells Fargo Home Mortgage for its signature.

10. Despite the fact that Wells Fargo Home Mortgage never received the Reaffirmation Agreement, Debtor has been making the mortgage payments every month.

11. Upon information and belief, Wells Fargo Home Mortgage has accepted all of Debtor's payments, but has not informed the credit reporting agencies that it is in receipt of said payments.

12. On or about May 30, 2018, Debtor, who is fifty-three (53) years-old, was diagnosed with a permanent and irreversible cognitive disorder. A copy of the pertinent medical record is in my possession and will be produced upon demand.

13. Debtor is not married and has only one son, age eighteen (18), with whom she resides and who has a Power of Attorney (POA) over her. Said POA is in my possession and will be produced upon demand.

14. Debtor's son recently reviewed her bankruptcy papers, her mortgage account and other documents, at which time he learned the Reaffirmation Agreement was never filed with this Court.

15. Debtor and her son wish to re-open her case for a limited period of time for the sole purpose of having Wells Fargo Home Mortgage sign the Reaffirmation Agreement, and then file the same.

16. On June 11, 2018, I filed a Motion to Re-Open Debtor's Case at her request. See ECF doc. #13.

17. I did not receive any opposition to the Motion to Re-Open the case.

18. On July 2, 2018, this Court denied the Motion to Re-Open the case. See ECF doc. #15.

19. I seek reconsideration of this Court's decision because I do not know the reason for the Court's denial of the Motion.

20. Fed. R. Civ. P. 59 and B.R. 9023 permit a party to seek relief from an Order of this Court.

21. Debtor seeks relief from this Court's July 2, 2018, Order and seeks an explanation for the Court's decision so that she can decide what her options are.

22. I certify under penalty of perjury that the above is true.


Date: July 9, 2018               /s/Scott M. Wilhelm, Esquire
                                 Signature